(A. R. D. 27)

E. DILLINGHAM, INC., a/c E. F. BOWE *v.* UNITED STATES

Entry No. 0–193.

First Division, Appellate Term

(Decided on rehearing [A. R. D. 1] June 2, 1953)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before OLIVER and MOLLISON, Judges

MOLLISON, Judge: This case is before us upon an order, granted January 16, 1953, setting aside the decision heretofore rendered by this division, dated June 25, 1952, reported in 29 Cust. Ct. 537, A. R. D. 1, and permitting further argument in the matter.

The record facts and circumstances surrounding the importation of the chinchillas involved in this case are quite carefully and extensively set forth in the opinion rendered in connection with A. R. D. 1 and in the opinion rendered by the court below, which is reported in *United States* v. *E. Dillingham, Inc., a/c E. F. Bowe*, 26 Cust. Ct. 700, Reap. Dec. 8004, and it will, therefore, be unnecessary here to repeat or delineate the record evidence.

We have carefully reexamined the record and the briefs of the parties and conclude that a modification of the decision below is

warranted. It is quite obvious that the trial court based its conclusion that the proper basis for the determination of the value of the chinchillas here involved was foreign value upon its determination that the said chinchillas were such as or similar to those offered for sale for home consumption in Canada.

However, the evidence shows that the offers of chinchillas *at the prices found by the court below* for home consumption in Canada were of stock, falling into three definitive classes, denominated A, B, and C, classes B and C being guaranteed, and class C being proven breeders, and all classes being registered.

The chinchillas involved in the present proceeding were not shown to be within the definitive classes, but, on the contrary, in each instance appear to be of different description. Secondly, it was not established that any of the imported chinchillas had been guaranteed, and considering the circumstances of the purchase in the light most favorable to the claims of the plaintiff, they indicate that the purchase was on a *caveat emptor* basis, with no warranty or guarantee given by the seller, and no recourse given to the purchaser in the event that the animals should be unsuitable or unusable for the desired purposes. Third, while it was established that the imported animals bore some identifying symbols or marks tattooed on their ears, it was not established that such symbols or marks and the animals that bore them were registered.

We are, therefore, satisfied that the evidence of offers adopted by the trial court as establishing the foreign value of chinchillas such as or similar to those here involved does not, in fact, reflect the market value, within the terms of the statute, of chinchillas such as or similar to those here involved, and that such evidence is not, therefore, properly to be considered in determining the value of the imported chinchillas in question.

As a matter of fact, it was not established that chinchillas such as or similar to those here involved were offered for sale for home consumption at prices different from those at which they were offered for sale for exportation to the United States—in other words, no differential between home consumption prices and prices for exportation to the United States was shown to exist, nor was any reason shown why such differential should or might exist.

We are of the opinion that a careful consideration of all of the evidence offered establishes that the foreign or export values, as defined by the statute, of chinchillas such as or similar to those here involved, were the same, and that such values were, as alternatively claimed by the plaintiff, as follows:

3 pairs (3 to 5 months old) @ $360 per pair
7 pairs (7 or 8 months to 1 year old) @ $400 per pair
1 pair (2 years old with 2 young) @ $700 per pair

On the entire record, we find as facts:

(1) That the merchandise consisted of 12 pairs of live chinchillas imported from Canada on July 28, 1948.

(2) That three pairs of the animals were 3 to 5 months old, seven pairs were 7 or 8 months to 1 year old, and one pair was 2 years old with 2 young.

(3) That the animals were not culls.

(4) That such or similar chinchillas were freely offered for sale to all purchasers in the principal market of Kingston, Ontario, in the usual wholesale quantity of 1 pair in the ordinary course of trade both for home consumption and for export to the United States.

(5) That under the circumstances of purchase which obtained in this case, of stock not within the definitive classes, not guaranteed or registered, the market value or price at the time of exportation at which such or similar merchandise was freely offered for sale for home consumption or for exportation to the United States in the principal market of Canada, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings and all other costs, charges, and expenses incident to placing the chinchillas here involved in condition, packed ready for shipment to the United States, was as follows:

> 3 pairs (3 to 5 months old) @ $360 per pair
> 7 pairs (7 or 8 months to 1 year old) @ $400 per pair
> 1 pair (2 years old with 2 young) @ $700 per pair

We conclude as matters of law:

(1) That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, is the proper basis for determining the value of the chinchillas here involved.

(2) That such values are as set forth in finding of fact No. 5, *supra*.

Judgment will therefore issue modifying the decision and judgment of the court below accordingly.